IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JESSICA BOSTER,**

    **Plaintiff,**

                              Case No. 2:25-cv-1228
                              Judge Edmund A. Sargus, Jr.
    **v.**                          Magistrate Judge Elizabeth P. Deavers

**FAIRFIELD COUNTY, OHIO,** *et al.,*

    **Defendants.**

## INITIAL SCREEN REPORT AND RECOMMENDATION AND ORDER

Plaintiff, Jessica Boster, an Ohio resident proceeding without the assistance of counsel, has requested leave to proceed *in forma pauperis* with this action. (ECF No. 1.) The Motion is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). It is **ORDERED** that Plaintiff be allowed to prosecute her action without prepayment of fees or costs.

This matter is also before the Undersigned to undertake the initial screen required by law to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). Having completed the initial screen, the Undersigned **RECOMMENDS** that Plaintiff's claims against Fairfield County, Ohio, and William Starkey and Plaintiff's claims against all Defendants in their official capacities be **DISMISSED** for failure to state a claim. At this juncture, Plaintiff may proceed on her First and Fourth

Amendment claims, and her state law claims against Defendants Matheney, Lape, Gasser, and John Doe.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

---

[1]Formerly 28 U.S.C. § 1915(d).

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

In the caption of her Complaint, Plaintiff names as Defendants Fairfield County, Ohio and Sgt. Carl Lape, Eric Matheny, Tarek Gasser, William Starkey, and John Doe, naming the law enforcement officers and county employees in both their individual and official capacities. With respect to factual allegations, Plaintiff asserts that, while visiting the Fairfield County Municipal Court on October 7, 2025, she attempted to record interactions between her father and court personnel. (ECF No. 1-1 at ¶ 11.) According to Plaintiff, court personnel informed her of court rules prohibiting recording and took action to enforce those rules. (*Id*. at ¶¶ 12–16.) She states Defendant Matheney moved within her personal space, attempted to seize her phone, threatened to arrest her, and attempted to remove her from her seat. (*Id*. at ¶ 13.) Plaintiff further claims Defendant John Doe also stepped into her personal space, threatened her, and attempted to ". . . intimidate her." (*Id*. at ¶ 15) Plaintiff claims she experienced ". . . emotional distress, [and] fear for her safety . . ." as a result. (*Id*. at ¶ 17.)

Lastly, Plaintiff claims Defendants Lape and Gasser ". . . impeded [her] vehicle and approached in a retaliatory manner." (*Id*. at ¶ 18.) Plaintiff attaches affidavits from herself, her father, and another third party swearing to the above-mentioned claims. (ECF No. 1-2, at PageID 11, 15–18.)

Relying on these allegations, Plaintiff asserts claims under 42 U.S.C. § 1983 for violations of her First and Fourteenth Amendment rights "by interfering with her right to record, threatening arrest, and engaging in unlawful seizure and intimidation." (ECF No. 1-1 at ¶ 20.) Further, she asserts state law claims for assault and battery and the intentional infliction of emotional distress. (*Id*. at ¶¶ 21, 22.)

4

By way of relief, Plaintiff seeks compensatory and punitive damages, "injunctive relief to prevent further violations," costs and attorney fees, and "such other relief as the Court deems just and proper." (ECF No. 1-1 at 3.)

## III.

### A. Defendants Starkey and Fairfield County

Despite having included them in the caption of the Complaint and the list of parties, Plaintiff fails to set forth any factual allegations or legal claims against Defendants Starkey or Fairfield County. (ECF No. 1-1.) This is insufficient. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." (citing *Flagg Brothers v. Brooks*, 436 U.S. 149, 155-57 (1978)).

Moreover, Defendant Fairfield County can only be held liable for its own wrongdoing and not under *respondeat superior*. *Helphenstine v. Lewis Cnty., KY.*, 60 F.4th 305, 323 (6th Cir. 2023) (citation omitted). To attach any liability to Defendant Fairfield County, Plaintiff must sufficiently plead facts alleging one of the four recognized theories under *Monell v. Dep't Soc. Servs. City of NY.* 436 U.S. 658 (2018). The four theories include: ". . . (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final [decision-making] authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (overruled on other grounds). She has made no such allegations here.

Accordingly, because Plaintiff fails to assert *any* allegations against Defendant Fairfield County, or Defendant Starkey, the Undersigned **RECOMMENDS** the Court **DISMISS**

5

Plaintiff's claims against Defendants Fairfield County and Starkey for failure to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. 662, at 678 (quoting *Twombly*, 550 U.S., at 555) (". . . the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

### B. Plaintiff's 42 U.S.C. § 1983 Claims Against Remaining Defendants in Their Official Capacities

As noted, Plaintiff has sued the remaining Defendants in their official capacities. *See* Where an entity is named as a defendant, official-capacity claims against employees of the entity are redundant. *Foster v. Michigan*, 573 F. App'x 377, 390 (6th Cir. 2014) (finding official-capacity suits against defendant agency's employees superfluous where the state and agency were also named as defendants). Plaintiff's official-capacity claims against Defendants in this case are redundant of one another, because each constitutes an identical suit against Fairfield County. *Foster*, 573 F. App'x at 390 (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). As discussed above, the Court already has recommended that Plaintiff's claims against Fairfield County be dismissed. For these reasons, it is **RECOMMENDED** that Plaintiff's claims against the remaining Defendants in their official capacities be **DISMISSED.**

### C. Plaintiff's Claims Against Remaining Defendants in Their Individual Capacities

As for Plaintiff's § 1983 claims against Defendants Matheney, Lape, Glasser, and John Doe[2] in their individual capacities, at this stage in the proceedings, without the benefit of briefing by the parties to this action, the Undersigned finds these claims deserving of further

---

[2] Plaintiff alleges actions by several unidentified individuals in her Complaint. (ECF No. 1-1 at ¶¶ 14, 15, 19). Given Plaintiff's identification of only a single John Doe as a Defendant, however, the Court construes only the allegations of Paragraph 15 as directed to the John Doe Defendant's conduct. Beyond that, the allegations of Paragraphs 14 and 15 do not rise to the level of a constitutional violation.

6

development. The Undersigned concludes that Plaintiff may proceed with her First and Fourth Amendment claims against these Defendants at this juncture based on her allegations in paragraphs 12, 13, 15, 16, 17, and 18.[3]

With respect to Plaintiff's allegations against the John Doe Defendant, although the designation of a John Doe "is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery." *Robinson v. Doe*, No. 1:07-cv-729, 2009 WL 650383, at *2 (S.D. Ohio March 10, 2009) (collecting cases); *accord Woodard v. Farris*, No. 2:20-cv-00007, 2020 WL 1469886, at *3 (M.D. Tenn. Mar. 25, 2020) (determining that "it would be inappropriate to dismiss the claims against the John Doe Defendants at this juncture because of the likelihood that the identities of these Defendants will be determined during discovery").

Once Plaintiff discovers the name of the John Doe Defendant, she must seek leave to amend her Complaint to identify them. *See generally* Fed. R. Civ. P. 15 (concerning amended and supplemental pleadings); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("new parties may not be added after the statute of limitations has run"). The Undersigned makes no determination at this time whether leave should be granted.

### D. Plaintiff's State Law Claims

The Court has not yet determined whether it will exercise supplemental jurisdiction over any state-law claims pursuant to 28 U.S.C. § 1367. Out of an abundance of caution, and in light of Plaintiff's *pro se* status, the Court will not *sua sponte* dismiss Plaintiff's state-law claims at

---

[3] The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor are Defendants precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure.

this juncture. The Court will determine at a later stage in the proceedings whether the exercise of supplemental jurisdiction over state-law claims is appropriate.

## V.

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's claims against Fairfield County, Ohio, and William Starkey and Plaintiff's claims against all Defendants in their official capacities be **DISMISSED** for failure to state a claim. At this juncture, Plaintiff may proceed on her First and Fourth Amendment claims, and her state law claims against Defendants Matheney, Lape, Gasser, and John Doe. Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED.**

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

**DATED:  January 9, 2026**
/s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**

9