**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

JESSICA BOSTER,

      **Plaintiff,**

      v.

FAIRFIELD COUNTY, OHIO, *et al.*,

      **Defendants.**

                                    **Case Number 2:25-cv-1228**
                                    **JUDGE EDMUND A. SARGUS, JR.**
                                    **Magistrate Judge Elizabeth P. Deavers**

## ORDER

This matter is before the Court on the Report and Recommendation issued by the Magistrate Judge on January 9, 2026. (ECF No. 3.) After reviewing Plaintiff Jessica Boster's Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge recommends that the Court dismiss Plaintiff's claims against Defendants Fairfield County, Ohio and William Starkey, as well as Plaintiff's claims against all Defendants in their official capacities. (*Id.* PageID 108.) The Magistrate Judge explains that Plaintiff may proceed with her First Amendment claim, Fourth Amendment claim, and state law claims against Defendants Matheney, Lape, Gasser, and John Doe at this time. (*Id.*)

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this action against Defendants Fairfield County, Ohio; Sergeant Carl Lape (Fairfield County law enforcement officer); Officer Eric Matheney (Fairfield County law enforcement officer); Officer Tarek Gasser (Fairfield County law enforcement officer); Bailiff William Starkey (employee of Fairfield County Municipal Court); and John Doe (unidentified law enforcement officer or courthouse personnel). (ECF No. 2.) Plaintiff asserts claims under 42 U.S.C. § 1983 for violations of her

First and Fourth Amendment rights and under state law for assault, battery, and intentional infliction of emotional distress. (*Id.*)

Plaintiff alleges that she accompanied her father to the Fairfield County Municipal Court in October 2025 and began recording interactions between her father and court officers in the public lobby. (*Id.*) According to Plaintiff, law enforcement officers and court personnel forcibly interrupted her and ordered her to stop recording. (*Id.*) Plaintiff alleges that Defendants Matheney and John Doe moved into her personal space and threatened her and that Defendants Lape and Gasser impeded her vehicle and approached in a retaliatory manner. (*Id.*)

The Magistrate Judge reviewed the Complaint under 28 U.S.C. § 1915(e)(2) and recommended that (1) Plaintiff's claims against Defendants Fairfield County and Starkey be dismissed because the Complaint fails to include allegations against them and (2) Plaintiff's claims against all Defendants in their official capacities be dismissed because they are redundant of Plaintiff's claim against Fairfield County. (ECF No. 3, PageID 105–06.) The Magistrate Judge explained that Plaintiff's claims against Defendants Matheney, Lape, Glasser, and John Doe in their individual capacities deserve further development and may proceed. (*Id.* PageID 106–08.)

Once a magistrate judge issues a report and recommendation, the relevant statute provides:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1). The failure to file written objections to a magistrate judge's report and recommendation waives a *de novo* determination by the district court of any issues addressed in

2

the report and recommendation. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Plaintiff was advised of her right to object to the Report and Recommendation and of the consequences of failing to do so. (ECF No. 3, PageID 108.) Plaintiff did not object to the Report and Recommendation.

Accordingly, the Court **ADOPTS** and **AFFIRMS** (ECF No. 3) the Magistrate Judge's Report and Recommendation. The Court **DISMISSES** Plaintiff's claims against Defendants Fairfield County, Ohio and William Starkey, as well as Plaintiff's claims against all Defendants in their official capacities. Plaintiff may proceed with her First Amendment claim, Fourth Amendment claim, and state law claims against Defendants Eric Matheney, Carl Lape, Tarek Gasser, and John Doe at this time.

The Clerk is **DIRECTED** to terminate Defendants Fairfield County, Ohio and William Starkey from this case. The Clerk is further **DIRECTED** to mail a copy of this Order to Plaintiff Jessica Boster at 160 State Route 233, Patriot, Ohio 45658.

This case remains open.

**IT IS SO ORDERED.**

2/18/2026              s/Edmund A. Sargus, Jr.
**DATE**                  **EDMUND A. SARGUS, JR.**
                     **UNITED STATES DISTRICT JUDGE**

3