IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA BOSTER, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | Case No. 2:25-cv-01228 |
| v. | : | Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge S. Courter M. Shimeall |
| | : | |
| FAIRFIELD COUNTY, OHIO, *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

Plaintiff Jessica Boster, an Ohio resident, filed this civil rights action[1] arising out of an October 7, 2025 incident at the Fairfield County Municipal Court in Lancaster, Ohio. After a review of Plaintiff's original Complaint under 28 U.S.C. § 1915(e)(2), the Magistrate Judge issued an Order and Report and Recommendation that granted Plaintiff's motion for leave to proceed in forma pauperis and allowed certain claims against certain Defendants to proceed. (ECF No. 3.)

Plaintiff did not object to that recommendation, which was ultimately adopted by the District Judge on February 18, 2026. (ECF No. 4.) Thereafter, the Undersigned ordered Plaintiff to submit service documents for the surviving Defendants and granted her an extension of time to identify and effectuate service over the John Doe Defendant. (ECF No. 9.) Instead of effectuating service, however, Plaintiff filed an Amended Complaint asserting new claims and modifying the parties. (ECF No. 10.) As Plaintiff is permitted to amend her Complaint once as a matter of course

---

[1] The Undersigned notes that Plaintiff's father, Robert Boster, also filed a civil rights action arising from the same incident, and asserted similar causes of action against most of the same Defendants. *See Robert Boster v. Fairfield County, et al.*, Case No. 2:25-cv-1229 (S.D. Ohio). On January 12, 2026, the Magistrate Judge assigned to the case recommended that Mr. Boster's Complaint be dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted. *See Robert Boster v. Fairfield Cty.*, No. 2:25-CV-1229, 2026 WL 83962, at *1 (S.D. Ohio Jan. 12, 2026). The Report and Recommendation was adopted by the District Judge on February 12, 2026. *See* 2026 WL 397488 (S.D. Ohio Feb. 12, 2026). Although the parties failed to list these matters as related, they nonetheless were assigned the same District Judge.

under Federal Rule of Civil Procedure 15(a), Plaintiff's Amended Complaint became operative upon filing and supersedes her original Complaint.  The Amended Complaint, however, is still subject to screening under § 1915(e)(2).  Upon review, and for the reasons stated below, the Undersigned **RECOMMENDS** that Plaintiff's Amended Complaint be **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim upon which relief can be granted.

## I.     PROCEDURAL HISTORY AND BACKGROUND

### A.  <u>Original Complaint</u>

Plaintiff alleged that she accompanied her father to the Fairfield County municipal building, began recording their interactions with court officers in the public lobby, and was confronted by law-enforcement and court personnel who ordered her to stop recording, threatened her with arrest, and physically interfered with her person and her phone.  (ECF No. 1.)  Plaintiff further alleged that, after she was removed from the building, officers impeded her vehicle and approached in a retaliatory manner, causing her emotional distress and concern for the safety of her unborn child.  (*Id.*)

The original Complaint asserted a single count under 42 U.S.C. § 1983 for violation of her First and Fourth Amendment rights, as well as state-law claims for assault, battery, and intentional infliction of emotional distress.  The original Complaint also sought compensatory and punitive damages, as well as injunctive relief.  (*Id.*)

As noted above, on January 9, 2026, the Magistrate Judge granted Plaintiff's motion to proceed in forma pauperis and conducted an initial screen of the complaint pursuant to 28 U.S.C. § 1915(e)(2).  (ECF No. 3.)  The Magistrate Judge recommended dismissal of Plaintiff's claims against Fairfield County and William Starkey on the grounds that the Complaint contained no

2

specific factual allegations or legal claims directed to those defendants, and further recommended dismissal of all official-capacity claims—both because the claims were redundant of the action against Fairfield County and because the complaint did not adequately allege municipal liability under *Monell*. (*Id.*) Plaintiff's First and Fourth Amendment claims, as well as her state-law claims, against Defendants Matheney, Lape, Gasser, and John Doe in their individual capacities were permitted to proceed at that time. (*Id.*)

### B. Amended Complaint

In her Amended Complaint, Plaintiff continues to allege that her constitutional rights were violated during and after the October 7, 2025 visit to the Fairfield County Municipal Court,[2] but she expands the scope of the case by adding new defendants and claims. (ECF No. 10.) The Amended Complaint names Fairfield County Prosecutor Kyle Witt, the Fairfield County Board of Commissioners, Officer Carl E. Lape, Officer Tarek Gasser, Officer Eric Matheney, Bailiff William G. Starkey, and probation officer Andy Dreyer, each in their official and individual capacity, all in place of the prior "Fairfield County, Ohio" entity and "John Doe" defendant.

Plaintiff also provides additional factual allegations. She alleges that she entered the Fairfield County Municipal Courthouse with her father and boyfriend to "serve judicial paperwork," that Bailiff Starkey took possession of the paperwork but refused to properly serve it or witness signatures, and that Officer Lape declared Plaintiff and her companions trespassers and escalated the situation with verbal aggression. (*Id.* at PAGEID #: 138.) As in the original complaint, Plaintiff alleges that Officer Matheney demanded she stop recording, threatened her with arrest, and crushed her hand while attempting to seize her phone; however, the Amended Complaint further alleges that Officers Lape, Matheney, and Dreyer forcibly removed Plaintiff and

---

[2] According to Plaintiff's "Affidavit of Truth," the building at issue was the Fairfield County Municipal Court, located at 136 W Main Street, Lancaster, Ohio. (ECF No. 10, at PAGEID #: 146.)

her companions from the building, and that after Plaintiff entered her vehicle, Officers Lape and Gasser approached in retaliation, obstructed the vehicle's movement, and that Lape struck the passenger-side window. (*Id.*) Plaintiff repeats that she suffered physical injury, emotional distress, and threats to the safety of her unborn child. (*Id.*)

Where the original complaint asserted a single omnibus § 1983 "Violation of Civil Rights" count, the Amended Complaint pleads separate federal claims for: (1) a First Amendment retaliation claim premised on Plaintiff's recording of public officials in a public space; (2) a Fourth Amendment claim for excessive force and unlawful seizure of her person and phone; and (3) a Fourteenth Amendment due-process claim alleging deprivation of liberty and property without due process. (*Id.* at PAGEID ##: 138–39.) The Amended Complaint also adds a § 1983 "Supervisory Liability" count directed primarily at Witt, alleging that he failed to train, supervise, or discipline subordinates, and a civil-conspiracy count under § 1983 and Ohio law, asserting that defendants acted in concert to violate Plaintiff's rights. (*Id.* at PAGEID #: 138.) As to the state-law claims, Plaintiff again asserts a claim for assault and battery and adds a negligent supervision and retention claim against Fairfield County. (*Id.* at PAGEID #: 139.)

The Amended Complaint seeks $3,500,000 in compensatory damages, punitive damages, medical expenses, and emotional distress, among other relief. (*Id.*)

## II.     LEGAL STANDARD

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, was enacted to allow a person of limited financial means to have access to the courts. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992). However, to prevent abuses of that leniency, the federal district courts must also review all *in forma pauperis* actions and dismiss any lawsuits or causes of action that the Court determines are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary

relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill*, 630 F.3d at 470–71 (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations," it does demand "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted).  Thus, a complaint that asserts only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement" will be insufficient.  *Id.* (cleaned up).  Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face."  *Id.* (citations and quotations omitted).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, although the Court is to liberally construe *pro se* complaints "and hold such complaints to a less stringent standard than pleadings prepared by attorneys . . . this lenient

treatment has limits." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting in part *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  The Court "should not have to guess at the nature of the claim asserted."  *Wells*, 891 F.2d at 594.  Stated differently, Rule 8 bars "a pleading party from 'cough[ing] up an unsightly hairball of factual and legal allegations, stepp[ing] to the side, and invit[ing] the defendants and the Court to pick through the mess and determine if plaintiffs may have pleaded a viable claim or two."  *Hartzell v. Miami Cty. Incarceration Facility*, No. 3:17-CV-63, 2017 WL 2590199, at *2 (S.D. Ohio June 15, 2017) (quoting *Gurman v. Metro Hous. & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011)).

Finally, "federal courts have an ongoing 'duty to consider their subject matter jurisdiction . . . and may raise the issue *sua sponte.*'"  *Howard v. Good Samaritan Hosp.*, No. 1:21-CV-160, 2022 WL 92462, at *2 (S.D. Ohio Jan. 10, 2022) (quoting *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted).  Thus, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  *Id.* (citing Fed. R. Civ. P. 12(h)(3)).

### III.  ANALYSIS

Upon review, the Undersigned recommends that all of Plaintiff's claims be dismissed for failure to state a claim.

#### A.  <u>Federal Constitutional Claims</u>

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law."  *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)).

6

1. <u>Plaintiff's Claims Against Fairfield County Board of Commissioners and Kyle Witt Should Be Dismissed</u>

For the same reasons as addressed in this Court's previous Report and Recommendation, and as explained in more detail below, Plaintiff's claims against Defendants Fairfield County Board of Commissioners and Kyle Witt fail as a matter of law. (*See* ECF No. 3, at PAGEID #: 105.)

First, Plaintiff has still failed to plausibly allege a *Monell* claim against Fairfield County Board of Commissioners. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Nichols v. Wayne Cty., Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) ("To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom.") (citing *Hardrick v. City of Detroit,* 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)).

Here, other than alleging in a conclusory manner that "Defendants failed to prevent or correct unlawful behavior" (ECF No. 10 at PAGEID #: 142), Plaintiff has provided no facts to support any *Monell* theory of liability. As such, her claims against Fairfield County Board of Commissioners should be dismissed.

Second, to the extent Plaintiff is bringing her claims against Defendant Witt in his capacity as the prosecutor, and thus a supervisor, such claims likewise fail because § 1983 does not impose liability on supervisors under a respondeat-superior theory.  "A supervisory official may not be held liable under 42 U.S.C. § 1983 for the alleged misconduct of subordinates unless 'the plaintiff demonstrates that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'"  *Anderson v. Mohr*, No. CV 2:15-CV-2798, 2015 WL 13730917, at *2 (S.D. Ohio Sept. 9, 2015), *report and recommendation adopted*, 2015 WL 7012799 (S.D. Ohio Nov. 12, 2015) (quoting in part *Combs v. Wilkinson*, 315 F.3d 548, 554 (6th Cir. 2002) (further citations and quotations omitted)); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (cleaned up) (A plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct.").  Even liberally construing the allegations in the Amended Complaint, Plaintiff alleges no facts against Defendant Witt that would establish his personal involvement in the alleged constitutional violations.  Accordingly, the constitutional claims against Defendant Witt should likewise be dismissed.

### 2.   Plaintiff's First Amendment Claim Should Be Dismissed

Plaintiff fails to allege a plausible First Amendment Retaliation Claim.  As to this claim, Plaintiff alleges that she was engaging in protected activity "by recording public officials in a public space."  (ECF No. 10, at PAGEID #: 138.)

To succeed on a First Amendment retaliation claim, plaintiff must plausibly allege that: "(1) she was engaged in protected conduct, (2) the [officers] took an adverse action causing her 'to suffer an injury that would likely chill a person of ordinary firmness' from continuing that activity,' and (3) the officers' actions were motivated, in part, by the exercise of her First Amendment rights."  *Enoch v. Hamilton Cty. Sheriff's Office*, No. 22-3946, 2024 WL 3597026, at

*4 (6th Cir. July 31, 2024), *cert. denied*, 145 S. Ct. 1429 (2025) (quoting *Novak v. City of Parma*, 932 F.3d 421, 427 (6th Cir. 2019) (further citations omitted)) ("*Enoch* III").

Here, Plaintiff's claim fails as a matter of law under the first prong because the Sixth Circuit has previously held that a viewpoint neutral restriction on recording in courthouse hallways is reasonable, and that therefore an individual does not have a protected speech interest in recording there. *Id.* at *5–6. This is because "[i]n a nonpublic forum like a courthouse, 'the First Amendment rights of everyone . . . are at their constitutional nadir.'" *Id.* at * 5 (quoting *Mezibov v. Allen*, 411 F.3d 712, 718 (6th Cir. 2005)). Applied here, when Plaintiff acknowledges that there was signage posted about prohibiting recording and does not otherwise contend that this was an unreasonable or viewpoint-specific restriction, she has failed to plausibly allege that she was engaged in protected first amendment activity. (*See* Affidavit of Truth, ECF No. 10, at PAGEID #: 146.) Thus, the Undersigned finds that Plaintiff has failed to state a First Amendment retaliation claim.

### 3. Plaintiff's Fourth Amendment Claim Should Be Dismissed

Plaintiff next contends that Defendants used excessive force and unlawfully seized her person and property. Specifically, she alleges that certain Officers threatened her with arrest if she did not stop recording, and that she and her companions were forcibly removed from the building. (ECF No. 10, at PAGEID #: 138.) She further alleges that after they left the building one officer "obstructed the vehicle's movement" and another "struck the passenger side window." (*Id.*) But Plaintiff's claim here fails for the same reasons as her father's did—she did not allege facts to demonstrate that she was seized. As Magistrate Judge Vascura explained in Mr. Boster's Report and Recommendation:

> Plaintiff has not alleged a seizure for purposes of the Fourth Amendment, which requires "an intentional acquisition of physical control," *Brower v. Inyo County*,

9

489 U.S. 593, 596 (1989), or "the use of force *with intent to restrain*." *Torres v. Madrid*, 592 U.S. 306, 309 (2021) (emphasis in original). According to Plaintiff's own allegations (that he was "shoved multiple times" and "forcibly removed from public property"), Defendants were not intending to detain him; on the contrary, they were attempting to have him exit the premises. Nor does the undersigned find Plaintiff's allegation that Officer Gasser merely stood in front of Plaintiff's vehicle to plausibly describe a seizure; nor did any force ensue after Officer Gasser stood in front of Plaintiff's vehicle.

*Robert Boster v. Fairfield Cty.*, 2026 WL 83962, at *3 (S.D. Ohio Jan. 12, 2026).

Moreover, because there is no seizure, Plaintiff's Fourth Amendment excessive force claim likewise fails. *See id.* (citing *Dunigan v. Noble*, 390 F.3d 486, 492 (6th Cir. 2004) ("A seizure must occur before an excessive force claim is cognizable under the Fourth Amendment.")).[3]

Accordingly, Plaintiff has failed to state a claim against any Defendant under the Fourth Amendment.

4. Plaintiff's Fourteenth Amendment Due Process Claim Should Be Dismissed

It is unclear what due process violation Plaintiff is alleging because all she asserts under this claim is that she "was deprived of liberty and property without due process of law." (ECF No. 10, at PAGEID #: 138.) Absent more, Plaintiff's bare recitation of the elements without identifying either a liberty or property interest of which she was deprived fails to plausibly state a claim. *See* "*Gordon v. Fairfield Cty.*, No. 2:25-cv-00466, 2026 U.S. Dist. LEXIS 63303, at *10-11 (S.D. Ohio Mar. 25, 2026) (quoting *Warren v. City of Athens, Ohio*, 411 F.3d 697, 708 (6th Cir. 2005) (further citations omitted)) ("Only after a plaintiff has met the burden of demonstrating that he possessed a protected property or liberty interest and was deprived of that interest will the court consider whether the process provided the plaintiff in conjunction with that deprivation, or lack thereof, violated his due process.").

---

[3] Like Magistrate Judge Vascura, the Undersigned will likewise analyze Plaintiff's excessive force claim under the Fourteenth Amendment substantive due process framework as well. *See id.*

10

Even very liberally construing the facts to identify a conceivable liberty or property interest, Plaintiff's claim would still fail.

### a. Procedural Due Process

"To establish a procedural due process claim, one must show that (1) they had a life, liberty, or property interest protected by the Due Process Clause; (2) they were deprived of one of these protected interests; and (3) the state did not afford them adequate procedural rights in depriving them of the protected interest." *Mares v. Mia. Valley Hosp.*, 96 F.4th 945, 951 (6th Cir. 2024) (citing *Peterson v. Johnson*, 87 F.4th 833, 836 (6th Cir. 2023); *Med Corp. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002)).

Plaintiff alleges none of these required elements.  Moreover, even if she did sufficiently allege that she was deprived of a protected interest (she did not), her due process claim would nonetheless fail because she did not allege or otherwise demonstrate the lack of adequate post-deprivation remedies under state law.  *See Geer v. Ginocchio*, No. 1:17-cv-214, 2017 U.S. Dist. LEXIS 86942, at *9 (S.D. Ohio Apr. 19, 2017) ("It is well-settled that in order to state a due process claim for the deprivation of property that resulted from a state employee's 'random and unauthorized act,' the plaintiff must allege facts showing that he lacked an adequate post-deprivation remedy to rectify the wrong." (citing *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986), *and Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995) ("[I]n a § 1983 case 'claiming the deprivation of a property. . . interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate.")).  "The Sixth Circuit later extended this rule to procedural due process claims involving deprivation of a liberty interest." *See Spencer v.*

11

*Tilton*, No. 2:25-CV-780, 2025 WL 3187129, at *8 (S.D. Ohio Nov. 14, 2025), *report and recommendation adopted*, No. 2:25-CV-780, 2025 WL 3473058 (S.D. Ohio Dec. 3, 2025).

Because Plaintiff alleges no facts to support this claim, and because she fails to allege that Ohio lacks an adequate post-deprivation process, her procedural due process claim fails on every account and should be dismissed.

### b. Substantive Due Process

Plaintiff has likewise failed to state a substantive due process claim for excessive force.

"The Due Process Clause of the Fourteenth Amendment protects individuals from the arbitrary actions of government employees, but 'only the most egregious official conduct can be said to be arbitrary in the constitutional sense.'" *Gohl v. Livonia Pub. Sch. Sch. Dist.*, 836 F.3d 672, 678 (6th Cir. 2016) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (quotation omitted)). In cases of excessive force that fall outside the purview of the Fourth Amendment, courts must analyze "'whether the force applied caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking the conscience.'" *Id.* (quoting *Webb v. McCullough*, 828 F.2d 1151, 1158 (6th Cir. 1987) (further citations omitted)). This is a "substantially higher hurdle" to meet. *Darrah v. City of Oak Park*, 255 F.3d 301, 306 (6th Cir. 2001).

Here, even accepting Plaintiff's allegations of shoving, removal from the courthouse, and window striking, those acts do not rise to the level of "brutal and inhumane abuse of official power" required to shock the conscience.[4] Plaintiff did not have a right to be filming in the courthouse, and the officers' limited use of force to stop the filming and remove Plaintiff and her companions

---

[4] Plaintiff's allegation that she was pregnant during this interaction does not alter this analysis because she does not allege that Defendants knew or could reasonably infer that she was pregnant.

12

from the Courthouse, under these circumstances, does not shock the conscience. *See Robert Boster*, 2026 WL 83962, at *4; *see also Hall v. Vill. of Gratis*, No. 3:07-cv-351, 2008 WL 4758693, at *12 (S.D. Ohio Oct. 27, 2008) ("[C]ourts may decide that certain behavior does not shock the conscience as a matter of law."). Accordingly, Plaintiff has failed to state a substantive due process claim.

5. Plaintiff's Civil Conspiracy Claim Under § 1983 Should Be Dismissed

Plaintiff fails to plausibly allege a civil conspiracy.

A civil conspiracy is "an agreement between two or more persons to injure another by unlawful action." *Susselman v. Washtenaw Cty. Sheriff's Office*, 109 F.4th 864, 872 (6th Cir. 2024) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). To plausibly allege a civil conspiracy under § 1983, a plaintiff must allege that: "(1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the [plaintiff] of their constitutional rights, and (3) an overt act was committed in furtherance of the conspiracy that caused the injury." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (citations and quotations omitted)). "Moreover, [a] plaintiff must allege facts showing not only an agreement by defendants to violate plaintiff's constitutional rights, but also an actual deprivation of a constitutional right." *Anderson v. Cty. of Hamilton*, 780 F. Supp. 2d 635, 652 (S.D. Ohio 2011).

Here, because the Undersigned finds that Defendants have not violated Plaintiff's constitutional rights, there could be no plan amongst them to violate those rights. *See id.*; *see also Susselman v. Washtenaw Cnty. Sheriff's Off.*, 109 F.4th 864, 872 (6th Cir. 2024) (finding that because the plaintiff did not plausibly allege an action deprived him of his constitutional rights "any 'plan' between [defendants] . . . cannot establish an agreement to engage in unconstitutional conduct."). As such, Plaintiff's civil conspiracy claim under § 1983 should be dismissed.

13

## B. State-law Claims

Because it is recommended that all federal claims be dismissed, the Undersigned further **RECOMMENDS** that this Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See Rouster v. Cty. of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." (internal quotation marks and citations omitted)).

## IV. CONCLUSION

For the reasons stated above, the Undersigned **RECOMMENDS** that the Court **DISMISS** this action **WITHOUT PREJDUICE** under § 1915(e)(2) for failure to state a claim upon which relief can be granted.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of

14

the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

  **IT IS SO ORDERED.**


        */s/ S. Courter M. Shimeall*

        **S. COURTER M. SHIMEALL**
        **UNITED STATES MAGISTRATE JUDGE**