**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JESSICA BOSTER,**

**Plaintiff,**

**v.**

**FAIRFIELD COUNTY, OHIO, *et al.*,**

**Defendants.**

**Case Number 2:25-cv-1228**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge S. Courter M. Shimeall**

**OPINION AND ORDER**

This matter is before the Court on the Report and Recommendation issued by the Magistrate Judge on July 27, 2026. (ECF No. 11.) The Magistrate Judge reviewed Plaintiff Jessica Boster's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and recommended that the Amended Complaint be dismissed without prejudice in its entirety for failure to state a claim upon which relief can be granted. (*Id.*) Plaintiff filed an objection to the Report and Recommendation. (ECF No. 12.)

For the reasons stated in this Opinion and Order, the Court **OVERRULES** Plaintiff's objection (ECF No. 12) and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 11). The Court **DISMISSES WITHOUT PREJUDICE** this action.

**BACKGROUND**

Plaintiff, an Ohio resident proceeding *pro se* and *in forma pauperis*, filed this civil rights action arising out of an incident at the Fairfield County Municipal Court in Lancaster, Ohio on October 7, 2025. (ECF No. 2, PageID 70; ECF No. 3, PageID 101; ECF No. 10, PageID 138.) Plaintiff alleges that law enforcement and court personnel ordered her to stop recording, threatened her with arrest, and physically interfered with her person and her phone. (ECF No. 2,

PageID 70; ECF No. 10, PageID 138.) Plaintiff further alleges that, after she was removed from the building, officers approached in retaliation and impeded her vehicle, causing her physical injury, emotional distress, and concern for the safety of her unborn child. (ECF No. 2, PageID 70; ECF No. 10, PageID 138.)

After reviewing Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2), the Court allowed Plaintiff to proceed on some claims but dismissed others. (ECF Nos. 3, 4.) A few months later, on May 22, 2026, Plaintiff filed an Amended Complaint (ECF No. 10), which the Magistrate Judge reviewed under 28 U.S.C. § 1915(e)(2) (ECF No. 11). The Magistrate Judge issued the Report and Recommendation presently before this Court, recommending that Plaintiff's Amended Complaint be dismissed without prejudice in its entirety for failure to state a claim upon which relief can be granted. (*Id.*) Plaintiff filed a document titled "Limited Objection" in response to the Report and Recommendation. (ECF No. 12.)

## LEGAL STANDARD

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is "designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)). Recognizing, however, that a litigant whose costs are assumed by the public "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," Congress authorized

federal courts to dismiss certain claims *sua sponte*. *Id.* The statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**ANALYSIS**

The Magistrate Judge recommends that Plaintiff's Amended Complaint be dismissed without prejudice in its entirety for failure to state a claim upon which relief can be granted. (ECF No. 11.) Plaintiff filed a "Limited Objection" to the Report and Recommendation, stating that her May 22, 2026 filing was not meant to amend or supersede her original Complaint and that she did not intend to "add new defendants, modify claims, or expand the case." (ECF No. 12, PageID 176.) Plaintiff says her May 22, 2026 filing was only meant to identify a John Doe Defendant. (*Id.*)

Plaintiff's May 22, 2026 filing identified Andy Dreyer as the John Doe Defendant, but also added Fairfield County Prosecutor Kyle Witt and the Fairfield County Board of Commissioners as Defendants. (*Compare* ECF No. 2, PageID 69–70, *with* ECF No. 10, PageID 137.) In addition, the original Complaint asserted a single count under 42 U.S.C. § 1983 for "Violation of Civil Rights," whereas the Amended Complaint pled separate claims under 42 U.S.C. § 1983 for retaliation under the First Amendment, excessive force and unlawful seizure under the Fourth Amendment, due process violations under the Fourteenth Amendment, and supervisory liability based on failure to train, supervise, or discipline resulting in constitutional violations. (*Compare* ECF No. 2, PageID 70, *with* ECF No. 10, PageID 138.) And the May 22, 2026 filing removed the state-law intentional infliction of emotional distress claim included in the original Complaint and added a state-law claim for negligent supervision and retention.

(*Compare* ECF No. 2, PageID 70, *with* ECF No. 10, PageID 139.) Further, the May 22, 2026 filing includes a civil conspiracy claim under federal and state law that does not appear in the original Complaint. (*Compare* ECF No. 2, PageID 70, *with* ECF No. 10, PageID 139.) Finally, some of the factual allegations differ between the original Complaint and the May 22, 2026 filing. (*Compare* ECF No. 2, PageID 70, *with* ECF No. 10, PageID 138.)

Given the differences between Plaintiff's original Complaint and her May 22, 2026 filing, the Court finds the Magistrate Judge properly construed the May 22, 2026 filing as an Amended Complaint. The Amended Complaint supersedes Plaintiff's original Complaint and the Magistrate Judge appropriately rescreened the Amended Complaint under 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Holmes v. Ohio Dep't of Rehab. & Corr.*, No. 2:23-cv-3147, 2023 WL 8270548, at *1 (S.D. Ohio Nov. 30, 2023) (Silvain, M.J.) (re-screening plaintiff's amended complaint under 28 U.S.C. § 1915(e)(2) because the amended complaint became the operative pleading), *report and recommendation adopted*, 2024 WL 169468 (S.D. Ohio Jan. 16, 2024) (Morrison, J.); *see Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) ("An amended complaint supersedes an earlier complaint for all purposes." (quoting *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013))).

Aside from arguing that her May 22, 2026 filing does not constitute an Amended Complaint, Plaintiff does not object to the Report and Recommendation. (*See* ECF No. 12.) Plaintiff does not challenge the Magistrate Judge's legal reasoning or conclusions. And Plaintiff is only entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.

1981). As such, the Court adopts and affirms the Magistrate Judge's Report and Recommendation. (ECF No. 11.)

**CONCLUSION**

For the reasons above, the Court **OVERRULES** (ECF No. 12) Plaintiff Jessica Boster's Limited Objection and **ADOPTS** and **AFFIRMS** (ECF No. 11) the Magistrate Judge's Report and Recommendation. The Court **DISMISSES WITHOUT PREJUDICE** this action under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

The Clerk is **DIRECTED** to enter judgment and close this case. The Clerk is further **DIRECTED** to mail a copy of this Opinion and Order to Plaintiff Jessica Boster at 160 State Route 233, Patriot, OH 45658.

**IT IS SO ORDERED.**

**9/8/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**